NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0942n.06

No. 12-6553

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ANITA GALE, | ) | **FILED** |
| | ) | Nov 01, 2013 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| LIBERTY BELL AGENCY AND | ) | DISTRICT OF KENTUCKY |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA., | ) | |
| | ) | |
| Defendants-Appellees. | | |

Before: MERRITT, GIBBONS, and MCKEAGUE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Anita Gale appeals the district court's grant of summary judgment to Liberty Bell Agency and National Union Fire Insurance Company of Pittsburgh, Pennsylvania on her claim brought under the Kentucky Unfair Claims Settlement Practices Act. On appeal, Gale argues that there are genuine issues of fact about whether the insurers handled her claim in bad faith. Because Gale has not presented any evidence that the insurers acted with intentional delay, evil motives, or reckless indifference, we affirm the judgment of the district court.

**I.**

This case begins with a car accident involving Gale, a court reporter from Paducah, Kentucky, and Bradford Thomure, a truck-driver. Gale was injured in the accident and underwent several surgeries. At the time, Thomure was working for Central Transport and driving one of

Central Transport's vehicles.  Both Thomure and Central Transport were insured under a policy written by National Union.  Gale filed a third-party claim, which Liberty Bell administered according to a claims servicing agreement.  It appears from a review of the record that Liberty Bell handled this claim from start to finish.[1]

Roughly four months after she filed her claim, Gale sued Thomure and Central Transport in state court.  Liberty Bell removed to federal district court.  *See* Notice of Removal, *Gale v. Cent. Transp. Int'l, Inc.*, No. 5:09-cv-148 (DE 1).  The parties conducted discovery for approximately a year and nine months, after which the case settled at a mediation.  During discovery, the parties exchanged paper discovery, hired and deposed accident reconstructionists, and conducted party and fact-witness depositions.  The parties disagreed—and still disagree—about who was at fault.

A month after the settlement, Gale filed this case in McCracken Circuit Court under Kentucky's UCSPA, alleging that the insurers handled her claim in bad faith.  Gale primarily contended that Liberty Bell acted in bad faith by pursuing a tenuous defense based on liability, improperly delaying the investigation and payment of the claim, and low-balling its initial settlement offer.  Defendants removed the action to the United States District Court for the Western District of Kentucky on the basis of diversity jurisdiction.  After discovery, the insurers moved for summary judgment, which the district court granted.  The district court held that "Gale has not met the requisite threshold to proceed with her bad-faith claims under Kentucky law.  The record simply does not show any action or set of actions on the part of [d]efendants that even approaches the sort

---

[1]Kentucky law does not prohibit an insurer from retaining another entity to investigate and negotiate claims.  *Sullivan v. Am. Int'l Grp., Inc.*, No. 5:07-254-JMH, 2008 WL 4056366, at *8 (E.D. Ky. Aug. 27, 2008).  However, National Union cannot delegate its statutory duty of good faith and fair dealing.  *Id.*  Therefore, this decision applies to both defendants.

of outrageous or intentional misconduct, or reckless disregard for Gale's rights that would support an award of punitive damages." *Gale v. Liberty Bell Agency, Inc.*, 911 F. Supp. 2d 488, 504 (W.D. Ky. 2012).

Gale appeals, arguing that, viewing the facts in the light most favorable to her, there is a genuine issue of fact regarding the insurers' handling of her claim.

**II.**

This court reviews a district court's grant of summary judgment *de novo*. *Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013). Having carefully reviewed the record, the parties' briefs, and the applicable law, we hold that this case was correctly decided by the district court in its well-written, thorough opinion. Because a panel opinion of this court would serve no jurisprudential purpose, we adopt the reasoning of the district court and affirm on the basis of its opinion.